mission to insurance companies of exaggerated, false and fraudulent lost earnings statements. The Referee concluded that this charge had not been sustained. However, our examination of the record discloses ample evidence to support this charge; and we find that it has been sustained. Charge D is that respondents made improper use of the services of an investigator, who actively participated in their negligence practice: (1) by obtaining clients' signatures to retainer agreements — he being vested with authority to reject retainers and to determine the amounts of respondents' percentage fees; (2) by obtaining statements from adverse parties represented by other counsel; and (3) by procuring execution of guardian ad litem forms. The proof discloses that the investigator obtained clients' signatures to approximately 150 retainer agreements; that in some instances the investigator finally consummated the signature-transactions so that the agreements contained a fee figure in an amount less than the percentage which he had been instructed to obtain; that he rejected some proffered retainers; that on some occasions he filled out the guardian ad litem forms; that he obtained statements from adverse parties; and that respondent Plesser personally participated with respondent Marino in hiring this investigator and in supervising his work. The Referee found that this charge D was sustained "to the extent that they [respondents] empowered an investigator to make decisions and perform services which should not have been delegated to him." We believe that the Referee's finding is amply sustained by the proof. Charge E involves a claim that respondents settled an infant's claim without obtaining court approval. Respondents have admitted this charge. The Referee sustained the charge; and we are in accord with the Referee's finding. Charge F involves the claim that respondents accepted referrals of clients from tow car operators, automobile repair and service station operators, insurance brokers, doctors, and others, and "have thereby stirred up litigation." The evidence was that an admitted total of 122 cases came to respondents by way of such referrals. The Referee found this charge to have been sustained; and we agree. While it is claimed that respondent Plesser was less involved in the alleged misconduct than the respondent Marino, and that Plesser had little or nothing to do with the negligence portion of the firm's law practice, we note the Referee's finding that: "Mr. Plesser's testimony generally did not impress me with the ring of truth." The Referee, after pointing out specific instances in which he had found Mr. Plesser's testimony to be unbelievable as to the extent of his participation in the areas of misconduct to which reference has been made, found that: "In addition to sharing in the financial fruits of the partnership, there is no question in my mind that Mr. Plesser was actively engaged in the negligence portion of the partnership business." The Referee further concluded that: "To overlook the conduct of these respondents would be tantamount to acceptance of a degradation and debasement of the honor and dignity of the legal profession." The Referee's report is confirmed in part and disaffirmed in part, as indicated herein. In view of the absence of any prior charge of professional misconduct against either respondent, and under all the other mitigating circumstances appearing in this voluminous record, the discipline to be imposed upon each of the respondents will be limited to a suspension of two and one-half years. Accordingly each of the respondents is suspended from the practice of law for a period of two and one-half years, commencing 30 days after the date of entry of the order hereon. Beldock, P. J., Ughetta, Christ, Hill and Hopkins, JJ., concur.

■ In the Matter of Albert Pincus, an Attorney, Petitioner. Samuel Greason, Respondent.— This is an application by petitioner, whose period of suspension as an attorney and counselor at law has expired, to be reinstated as a member of the Bar. The application was referred to the Committee on Character and Fitness to investigate whether the petitioner presently possesses the requisite

character and fitness for an attorney at law, and to report its findings and recommendation. Pending such report the application has been held in abeyance. The committee's report has now been received. The application is granted; petitioner is reinstated as an attorney and counselor at law, effective July 12, 1966. Beldock, P. J., Ughetta, Rabin, Hopkins and Benjamin, JJ., concur.

■    In the Matter of ALLAN PASSIN, an Attorney, Petitioner. SAMUEL GREASON, Respondent.— This is an application by petitioner, whose period of suspension as an attorney and counselor at law has expired, to be reinstated as a member of the Bar. The application was referred to the Committee on Character and Fitness to investigate whether the petitioner presently possesses the requisite character and fitness for an attorney at law, and to report its findings and recommendation. Pending such report the application has been held in abeyance. The committee's report has now been received. The application is granted; petitioner is reinstated as an attorney and counselor at law, effective July 12, 1966. Beldock, P. J., Ughetta, Rabin, Hopkins and Benjamin, JJ., concur.

■    In the Matter of RICHARD I. LEIGHTNER, an Attorney, Petitioner. SAMUEL GREASON, Respondent.— This is an application by petitioner, whose period of suspension as an attorney and counselor at law has expired, to be reinstated as a member of the Bar. The application was referred to the Committee on Character and Fitness to investigate whether the petitioner presently possesses the requisite character and fitness for an attorney at law, and to report its findings and recommendations. Pending such report the application has been held in abeyance. The committee's report has now been received. The application is granted; petitioner is reinstated as an attorney and counselor at law, effective July 12, 1966. Beldock, P. J., Ughetta, Rabin, Hopkins and Benjamin, JJ., concur.

## (July 19, 1966)

■    I. THEODORE LEADER, Respondent, v. JOSEPH DURST, Appellant.— Motion by plaintiff-respondent to amend this court's decision of July 5, 1966; to withhold the entry of the order thereon, and for other relief, denied. On the court's own motion, its decision of July 5, 1966 is recalled, and the following decision is substituted therefor: In an action which is essentially one for an accounting between joint venturers, the defendant appeals from a resettled judgment of the Supreme Court, Nassau County, entered February 9, 1966 after a nonjury trial, which awards $188,657.37 to plaintiff. On the court's own motion, the action is remitted for further hearings before the same Trial Justice; for the submission of proof limited to the defendant's alleged offsets and credits against the plaintiff's claims, as found by the trial court; for further proceedings in accordance with this decision; and for a decision de novo determining such offsets and credits upon the basis of all the proof adduced, including the proof upon the prior trial. Within 30 days after the filing of such decision the defendant shall file with the clerk of this court and serve upon the adverse party a supplemental appellant's printed brief and a supplemental record (with the requisite number of copies) containing the transcript of the stenographic minutes upon the new hearings and the decision of the trial court. Within 20 days thereafter the plaintiff as respondent may serve and file a supplemental printed brief. In the interim, this court will hold the appeal in abeyance, and all proceedings therein will remain in status quo. The present involved record is the direct result of the Augean task thrust upon the court by reason of the conduct of two sophisticated businessmen who inadequately memorialized a long and